IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAHER HADDAD, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:13-cv-373-P-BN |
| STATE OF TEXAS ATTORNEY GENERAL, ET AL., | § § § § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Maher Haddad has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the motion should be dismissed for lack of subject matter jurisdiction.

**Background**

On September 22, 1995, Petitioner was convicted of delivery of a controlled substance in Dallas County and was sentenced to ten years imprisonment, probated for ten years. No direct appeal was taken. On September 22, 2005, after Petitioner successfully completed the term of probation, the judgment was set aside by the trial court. Petitioner was deported from the United States; however, he was later found in the United States, arrested, and convicted in the Southern District of Texas of illegal reentry following deportation for an aggravated felony conviction. *See United States v. Haddad*, 471 F. App'x 265, 266 (5th Cir. 2012). He was sentenced to 46 months imprisonment. *See United States v. Haddad*, No. 4:10-cr-121-001 (S.D. Tex. Feb. 10,

2011).

Petitioner now seeks post-conviction relief on grounds that his attorney in the underlying state case failed to advise him about the immigration consequences of a conviction, as required by *Padilla v. Kentucky*, 559 U.S. 356(2010).

## Legal standards

A federal court lacks subject matter jurisdiction to entertain a Section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh,* 888 F.2d 336, 337 (5th Cir. 1989). Although a prisoner need not be physically confined to be "in custody" for the purposes of Section 2254, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook,* 490 U.S. 488, 492 (1989); *see also Hendrix,* 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254).

A writ of error *coram nobis* is appropriate when a federal defendant is no longer in custody but "can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Castro,* 26 F.3d 557, 559 (5th Cir. 1994) (*quoting United States v. Marcello,* 876 F.2d 1147, 1154 (5th Cir. 1989)); *see also Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013) (suggesting that a petitioner

who was threatened with removal as a result of a conviction for which she was no longer in custody correctly sought relief by way of writ of error *coram nobis*). However, "[w]hile a petitioner can challenge the collateral consequences of a state conviction after his sentence is discharged through a writ of *coram nobis*, such a writ must be filed in the state convicting court." *Philip v. Thaler*, No. 3:12-cv-4289-P-BK, 2012 WL 6931649, at *2 n.3 (N.D. Tex. Dec. 21, 2012) (citing *Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982)), *rec. adopted*, 2013 WL 363358 (N.D. Tex. Jan. 24, 2013); *see also Campos-Conrrada v. Thaler*, No. 3:12-cv-4190-N-BH, 2012 WL 5845549, at *2 n.2 (N.D. Tex. Oct. 23, 2012), *rec. adopted,* 2012 WL 5844190 (N.D. Tex. Nov. 19, 2012).

## Analysis

Petitioner seeks to challenge his 1995 conviction for delivery of a controlled substance by way of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is clear from Petitioner's habeas application, the attached findings of the state habeas court, and the fact of his incarceration in federal prison that the challenged conviction has fully expired and that he is no longer in custody for that crime. Although Petitioner's present confinement for illegal reentry would not have been possible without the underlying drug trafficking conviction, that fact is insufficient to provide subject matter jurisdiction over a Section 2254 challenge to the 1995 conviction. *See United States v. Esogbue,* 357 F.3d 532, 534 (5th Cir. 2004) (citing *Maleng,* 490 U.S. at 492) ("Adverse collateral consequences of a conviction do not render an individual 'in custody.' Deportation is such a collateral consequence."); *see also Campos-Conrrada,* 2012 WL 5845549, at *2 ("The fact that petitioner was

deported as a result of this conviction is not a sufficient restriction on his liberty to meet the 'in custody' requirement of § 2254(a)"). Accordingly, the Court does not have subject matter jurisdiction to consider a habeas challenge to Petitioner's expired sentence.

To the extent that Petitioner seeks relief by way of writ of error *coram nobis*, this Court does not have jurisdiction to vacate the underlying Texas conviction. Although Petitioner can challenge the collateral consequences of a <u>federal</u> conviction after his sentence is discharged through a writ of error *coram nobis*, Petitioner seeks to challenge a <u>state</u> conviction in this proceeding. "[A] federal court does not have jurisdiction to grant *coram nobis* relief with respect to a state conviction." *Cardenas v. Quarterman,* No. 3:06-cv-1898-G, 2007 WL 3101746, at *1 n.1 (N.D. Tex. Oct. 23, 2007).[1]

In any case, Petitioner's claim that his attorney was prejudicially deficient under *Padilla v. Kentucky* by failing to advise him of the deportation consequences of his guilty plea is without merit. The Supreme Court has recently confirmed that *Padilla* does not apply retroactively and may not may not serve as the basis for a collateral challenge to a final conviction. *See Chaidez,* 133 S. Ct. at 1113; *see also United States v. Amer,* 681 F.3d 211, 213-14 (5th Cir. 2012).

---

[1] The Court declines to re-characterize this Section 2254 petition as one brought under 28 U.S.C. § 2255 to challenge his illegal reentry conviction. Any such motion must be filed in the district in which Petitioner was convicted. *See United States v. Weathersby,* 958 F.2d 65, 66 (5th Cir. 1992).

## Recommendation

Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE